IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ALAN KNIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-1173 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 31st day of August, 2020, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly evaluate the opinion of his treating physician in formulating his residual functional capacity ("RFC") and in finding him to be not disabled under the Social Security Act. The Court finds no merit in this argument and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

The ALJ clearly intended the RFC he had formulated to accommodate the limitations opined by Plaintiff's treating ophthalmologist Terry C. Verstraeten, M.D. (R. 15, 568-70). Plaintiff, though, suggests that a more accurate reading of Dr. Verstraeten's opinion reveals more restrictive limitations than what was included in the RFC. However, in doing so, he attempts to compare and contrast words very specifically even though Dr. Verstraeten did not use his own words in stating his opinion, but rather checked off boxes on a form. The imprecision of such form opinions, "in which a physician's obligation is only to check a box or fill in a blank" is a big reason why such checkbox forms "are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

Regardless, a fair reading, and indeed the most reasonable reading of Dr. Verstraeten's opinion, demonstrates that it is, in fact, consistent with the RFC as determined by the ALJ. For instance, Plaintiff argues that the RFC states merely that he must avoid exposure to "dangerous machinery," whereas Dr. Verstraeten opined that Plaintiff should avoid "any power equipment or motorized mechanical machinery." (R. 13, 568). First, it is not clear that the term "dangerous" is truly inconsistent with Dr. Verstraeten's opinion, especially when coupled with the following phrase: "or like workplace hazards." (R. 13). In any event, the examples listed by Dr. Verstraeten – chainsaws, hedge trimmers, weed whackers, jackhammers, cranes, and backhoes – are quite reasonably interpreted as showing that he is referring to dangerous machinery. (R. 568). Moreover, the Court reiterates that Dr. Verstraeten did not specifically craft his own language but merely checked a box referring to this language, making any minor distinctions in phrasing even less relevant.

Plaintiff further asserts that Dr. Verstraeten's opinion that Plaintiff would be off-task at least 85 percent of the time if he engaged in the behavior discussed in the opinion applies regardless of whether the jobs which the ALJ found Plaintiff capable of performing required him to engage in those tasks or not. This is simply not true. Dr. Verstraeten (again via merely a checkbox) stated that Plaintiff would have an "inability to maintain pace of production work, over 85% pace of production," if he did not avoid the activities set forth in the opinion. The RFC, as developed by the ALJ, would not require Plaintiff to perform these activities, and the jobs that the vocational expert stated Plaintiff could perform would allow him to avoid such activities. As such, the suggestion that the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and that Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:		Counsel of record

---

ALJ failed to address Dr. Verstraeten's opinion in regard to pace of production is without merit.

In short, the RFC, as determined by the ALJ, fairly accommodated the limitations to which Dr. Verstraeten opined by way of the checkbox form he was given to complete. The Court further notes that the RFC contained significant limitations on the type of behavior involving vision in which Plaintiff could engage, and while the language is not always identical to Dr. Verstraeten's opinion, it is calculated to accommodate the limitations in the opinion. To the extent that any minor variations exist between the language in the checkbox form and the RFC, such hypothetical variations are supported by substantial evidence. Accordingly, the ALJ's decision is affirmed.